UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TROY S. RATCLIFF,

          Plaintiff,

v.                                                                                       Case No. 5:07-cv-157-Oc-10GRJ

WAL-MART STORES, INC., MOUNTAIN CITY
MEAT CO., CNA,

          Defendants.
_____/

### REPORT AND RECOMMENDATION[1]

Plaintiff proceeding, *pro se*, has filed an Amended Complaint (Doc. 5), which the Court has reviewed for sufficiency as required by 28 U.S.C. § 1915(e)(2). In addition before authorizing the Plaintiff to proceed *in forma pauperis* the Court also has examined *sua sponte* whether the Court has subject matter jurisdiction over the claims alleged in the Amended Complaint. For the reasons discussed below, the Court determines that it does not have subject matter jurisdiction over the claims alleged in the Amended Complaint and, therefore, Plaintiff's Motion to Proceed *In Forma Pauperis* should be **DENIED** and Plaintiff's Amended Complaint should be **DISMISSED without prejudice.**

### I. BACKGROUND & FACTS

Plaintiff brings this action against Wal-Mart Stores, Inc., Mountain City Meat Co., and CNA purporting to allege a products liability claim stemming from Plaintiff's

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

purchase of a box of "frozen cheddar cheese beef patties" on February 16, 2007 at a Wal-Mart store located at 2600 SW 19th Avenue, Ocala, Florida.

Plaintiff filed his original complaint on April 19, 2007 with a request to proceed *in forma pauperis*. On April 27, 2007, the Court entered an Order finding that Plaintiff's original Complaint failed to state a claim upon which relief could be granted and deferred ruling on Plaintiff's request to proceed *in forma pauperis* for the limited purpose of allowing Plaintiff to file an amended complaint. (Doc. 4.) The Court reviewed Plaintiff's original Complaint and found it deficient in a number of respects, all of which were detailed in the Court's Order. (Doc. 4.) Although the Court determined that Plaintiff's Complaint failed to state a cause of action, the Court permitted the Plaintiff to file an amended complaint. Plaintiff has now done so and, therefore, as required the Court will review the sufficiency of Plaintiff's Amended Complaint to determine whether Plaintiff has stated a cause of action and whether this Court has subject matter jurisdiction over the claims in this case.

A review of Plaintiff's Amended Complaint discloses the following pertinent details. Plaintiff purchased 3 boxes of frozen beef patties from an Ocala, Florida Wal-Mart on February 16, 2007. Plaintiff alleges that he became ill from the beef patties and returned them to the store on February 27, 2007. On that date Plaintiff met with Arlean Bobbitt, the store's Risk Control Manager and Paul McConnell, the store's Co-Manager, at which time Plaintiff was refunded the cost of the beef patties.

Plaintiff alleges that his illness from the beef patties continued for two months, until May 1, 2007, with ongoing symptoms of vomiting and diarrhea. Plaintiff sought medical treatment for these symptoms and had to leave work early on March 2, 2007

because he felt like he was going "to pass out." Plaintiff alleges he had to call out of work on April 21, 2007 and April 22, 2007 due to his illness from the beef patties. On Monday, April 30, 2007, Plaintiff was sent home early from work by his manager. Plaintiff alleges he was too weak to drive and was picked up by his brother from work. Plaintiff states that he has lost 12 pounds as a result of his illness from eating the beef patties. Plaintiff does not allege whether the effects are continuing or whether he has suffered any permanent effects from eating the beef patties.

Most notably, Plaintiff does not state what damages he is seeking in the Amended Complaint nor has he included in the Amended Complaint the amount of damages he has suffered or the amount of damages that are involved in this case.

## II. **DISCUSSION**

Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis,* the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's Complaint for sufficiency to determine whether it should be dismissed.[2] Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even a *pro se* litigant must allege the essential elements of the claims for relief.[3]

Here, the Court does not need to determine whether Plaintiff's claim is frivolous or fails to state a cause of action, as it is evident that this Court does not have subject matter jurisdiction. It is well established that federal courts are obligated to inquire into

---

[2] 28 U.S.C. § 1915(e)(2) provides, in part, that a court "shall dismiss [a] case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[3] Tigner v. Internal Revenue Service, No.:1:99-CV-789-TWT, 2000 WL 641614, *1 (N.D. Ga. March 24, 2000).

subject matter jurisdiction *sua sponte* whenever it may be lacking.[4]  Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases involving a federal question.[5]  As Plaintiff's complaint is devoid of any reference to a federal statute or federally created right that he alleges is implicated in this case, the only arguable basis for subject matter jurisdiction would be diversity of citizenship. However, as explained below, the Plaintiff has failed to allege the citizenship of the Defendants or plead facts suggesting that the amount in controversy exceeds the sum of $75,000.

With regard to the citizenship of the parties, Plaintiff's affidavit reveals that he is a resident of Marion County, Florida.  Despite the Court's April 27, 2007 Order instructing Plaintiff to allege the citizenship of the parties in his amended complaint, Plaintiff has again failed to allege the citizenship of the Defendants, Wal-Mart Stores, Inc., Mountain City Meat Co. or CNA.  In order to establish that there is complete diversity each of the Defendants must be incorporated in a state other than Florida and each of the corporate Defendants must be incorporated in a state other than Florida. Plaintiff has failed to do so. Accordingly, because the burden is on the Plaintiff to establish federal subject matter jurisdiction and Plaintiff has failed to establish that there is complete diversity

---

[4] See Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. Fla. 2004).

[5] 28 U.S.C. § 1331.

between the Plaintiff and each of the Defendants, the Amended Complaint is due to be dismissed.

In addition to Plaintiff's failure to establish complete diversity between the parties, Plaintiff has also failed to allege any facts suggesting that the amount in controversy exceeds the sum of $75,000. Plaintiff claims that as a result of his illness from ingesting the beef patties that he missed two and one-half days of work and sought medical care. While the Court appreciates that Plaintiff's illness and resulting missed work was an inconvenience to Plaintiff, there are no facts in the Amended Complaint which remotely suggest that these types of damages would reasonably exceed $75,000.

### III. **RECOMMENDATION**

Accordingly, for the reasons discussed above, the Court respectfully **RECOMMENDS** that Plaintiff's Motion for Leave Proceed In Forma Pauperis (Doc. 2) should be **DENIED** and Plaintiff's Amended Complaint should be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**IN CHAMBERS** in Ocala, Florida, on October 16, 2007.

GARY R. JONES
United States Magistrate Judge

Copies to:
　　The Honorable Wm. Terrell Hodges
　　Senior United States District Judge

　　*Pro Se* Plaintiff